UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA BELYEW,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JAMES REILLY,<br><br>　　　　　Defendant. | No. 2:17-cv-1153-JAM-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a pretrial detainee proceeding without counsel in an action brought under 42 U.S.C. § 1983. She seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1]

**I.　Request for Leave to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

/////

/////

---

[1] In light of this filing, the court withdraws the July 28, 2017 findings and recommendations, which recommended dismissal for plaintiff's failure to pay the filing fee or seek leave to proceed in forma pauperis.

1

## II. Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

/////

2

**III.     Screening Order**

Plaintiff alleges that the defendant, a state court judge, is violating her rights in connection with an ongoing criminal prosecution of plaintiff in Butte County.[2] ECF No. 1 at 1, 3. This action fails for this reason alone. Claims challenging aspects of the proceedings and rulings in this ongoing case must be raised in those proceedings or on appeal afterwards. Under the *Younger* Abstention Doctrine, this court must abstain from hearing plaintiff's challenges to those state court proceedings. *See Younger v. Harris*, 401 U.S. 37, 45, 46 (1971). *Younger* requires a district court to dismiss a federal action if the relevant state proceedings are: (1) ongoing, (2) implicate important state interests, and (3) provide plaintiff an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001). All of these elements appear satisfied here – the criminal proceedings are ongoing, important state interests are implicated in the criminal prosecution, and there is no indication that plaintiff could not raise her claims in that criminal case. Further, there is no allegation of extraordinary circumstances which would warrant federal intervention. *See Younger*, 401 U.S. at 45 (federal courts may not intervene in state criminal actions "except under extraordinary circumstances where the danger of irreparable loss is both great and immediate.").

Plaintiff's claims would fail even if not barred by *Younger* abstention. Plaintiff has sued the state judge presiding over her criminal case. Plaintiff claims he is violating her constitutional rights by denying her motions, appointing her counsel over her objections, and ordering competency proceedings as a means of forcing upon her unwanted medical treatment and retaliating against her. As relief, she seeks damages and/or the dismissal of the case against her and to be released from custody. As a general rule, judicial immunity bars claims against a state court judge for actions related to the judicial process. *See In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002); *Wolfe v. Strankman*, 392 F.3d 358, 366 (9th Cir. 2004) (section 1983 "contemplates judicial immunity from suit for injunctive relief for acts taken in a judicial capacity"); *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) (judges are also absolutely immune

---

[2] Plaintiff has not provided a docket number, but the relevant case appears to be *People v. Belyew*, 16-CF-06270.

from damage actions for judicial acts taken within the jurisdiction of their courts). It is clear from the complaint that plaintiff's claims are also barred by judicial immunity.

Furthermore, the court finds that granting plaintiff leave to amend her complaint would be futile. It is therefore recommend that it be dismissed with prejudice. *See Hartmann v. CDCR*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

**IV. Order and Recommendation**

Accordingly, it is ORDERED that:

1. The July 28, 2017 findings and recommendations (ECF No. 7) are withdrawn.
2. Plaintiff's application to proceed in forma pauperis (ECF No. 8) is granted.
3. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected by the Sheriff of Butte County in accordance with the notice to be filed concurrently herewith.

Additionally, it is RECOMMENDED that this action be dismissed with prejudice for failure to a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 7, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE